STATE BOARD OF TAX APPEALS.

SCHENLEY DISTRIBUTORS, INC., PETITIONER, v. STATE TAX COMMISSIONER, RESPONDENT.

Decided April 23, 1940.

For the petitioner, *Milton B. Seasonwein* and *Burnett C. Gladstone.*

For the respondent, *David T. Wilentz* (by *William H. Osborne, Jr.*)

QUINN, President. This petition is before us for determination upon an agreed statement of facts substantially in the following tenor. The petitioner is a New York corporation, duly qualified to transact business in this state. During the period of the several transactions hereinafter referred to, it was the holder of a plenary export wholesale license issued by the New Jersey Alcoholic Beverage Control. It sells distilled spirits and wines, both wholesale and retail. Upon seven specific occasions during the period, September 22d, 1938, to March 21st, 1939, petitioner sold varying quantities of alcoholic beverages, some to American Export Lines and others to American President Lines, under consignment

in each case to a steamship operated by one of the purchasers, delivery being made at their respective piers in this state. In each case the liquor delivered was actually placed on shipboard and consumed as part of the ships' stores on the high seas. Inquiry by the board discloses that the steamship lines do not hold licenses permitting the sale or dispensation of alcoholic liquors on shipboard while in port, and that, in fact, there was no such consumption, or intended consumption within the territorial confines of the state.

Each of the deliveries described above was taxed under *R. S.* 54:43-1 by the acting director of the Beverage Tax Division of the State Tax Department. Petitioner protested the assessments thus levied, and now appeals to this board therefrom, assigning two principal grounds of appeal: (a) the transactions in question are excluded from the operation of the statute by *R. S.* 54:43-2; (b) if there is any doubt about the effect of section 54:43-2, as thus contended for, such doubt should be resolved against the tax in order to avoid the presumably unintended effect of an unconstitutional tax on exports. The statute, so far as is material, follows:

"54:43-1. There are hereby levied and imposed upon any sale or delivery within this state of alcoholic beverages intended ultimately for consumption the following excise taxes:" (stating rates).

"54:43-2. No tax imposed by this subtitle shall be payable on any sale of alcoholic beverages by any licensed manufacturer or by any licensed export wholesaler for resale and consumption outside of this state, or directly for consumption outside of this state, when said sale is accompanied by the actual transportation of such beverages out of this state * * * *."

Before considering the first of the two contentions urged by petitioner, that being, in our view, conclusive of the issue presented. it may be observed that there is some doubt, in the existing state of the authorities, as to the soundness of the second argument, that based on constitutionality. It has been held that the mere transportation out of the country of a commodity is not an "export" where the same is consumed

in use on the transporting vessel. *Swan & Finch Co.* v. *United States,* 190 *U. S.* 143. From the tax standpoint the essence of an export transaction appears to consist in that the attendant sale of the commodity is "for the account and risk" of an ultimate consignee out of the country, whether or not title thereto passed in this country. *Spalding and Bros.* v. *Edwards,* 262 *Id.* 66. And see *Texas and N. O. R. Co.* v. *Sabine Tram Co.,* 227 *Id.* 111 (1926) ; *Carson Petroleum Co.* v. *Vial,* 279 *Id.* 95 (1929). In two very recent cases, however, the United States Supreme Court left open the question as to whether a local tax on sales of fuel oil as ships' stores for vessels engaging in foreign shipping constituted an unconstitutional levy upon exports. *McGoldrick* v. *Gulf Oil Corp.; McGoldrick* v. *Compagnie Generale Transatlantique,* both decided March 25th, 1940.

It is to be noted, however, that taxation in the exercise of the proper police powers of the states over traffic in intoxicating liquors is entitled to a breadth of scope sufficient to accomplish reasonably the purpose of regulation, although there result an incidental interference with interstate or foreign commerce in such commodities of a character which would invalidate such taxation, as applied to the ordinary subject-matter of commercial transport. *Ziffrin* v. *Reeves,* 84 *L. Ed.* 107 (*United States Supreme Court,* 1939). And see *Kidd* v. *Pearson,* 128 *U. S.* 1; *Geer* v. *Connecticut,* 161 *Id.* 519; *Rippey* v. *Texas,* 193 *Id.* 504; *Sligh* v. *Kirkwood,* 237 *Id.* 52.

For the reason last stated, if the State of New Jersey undertook to tax such transactions as here concern us, we think no constitutional consideration would stand in the way. But we are of the opinion that in section 54:43-2 the legislature has expressly excluded these sales from the tax. There was undoubtedly in each instance a sale by a licensed export wholesaler to a purchaser, under circumstances clearly envisaging consumption outside of the state. And the sales which, under the Uniform Sale of Goods law (*R. S.* 46:30-25), were not consummated until the delivery of the merchandise on the piers, were in each case accompanied by the actual transportation of the beverages out of the state.

Nothing in the act requires such transportation to take place instantaneously upon delivery in order for the section to become operative. It is enough that it was within the unmistakable contemplation of both parties to the consignments and that it invariably took place shortly after each delivery. Nor it is material that the purchaser, by some remote chance, might divert the liquors sold to use within the state. Tax legislation should be interpreted with an eye to realities instead of to conjectural contingencies. In consonance with the general rule, the courts of this state hold that where a taxing statute expressly excludes a class (whether of persons or transactions) from its operation, it will be strictly construed against the government and in favor of the citizen. *Public Service Co-ordinated Transport* v. *State Board of Tax Appeals (Supreme Court,* 1935), 115 *N. J. L.* 97. Accord: *McFeeley* v. *Commissioner,* 296 *U. S.* 102; *Old Colony Railroad Co.* v. *Commissioner,* 284 *Id.* 552; *Burnet* v. *Niagara Falls Brewing Co.,* 282 *Id.* 648; *U. S.* v. *Updike,* 281 *Id.* 489.

The assessments appealed from are, for the foregoing reasons, set aside and canceled.